IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DERRICK DAVIS, #27743-016 | : | |
|    Petitioner | : | |
| v. | : | CIVIL ACTION NO.  DKC-07-802 |
| U.S. PAROLE COMMISSION | : | |
|    Respondent | : | |
| | : | |

**MEMORANDUM**

Pending is a pro se 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Derrick Davis, challenging a condition of his parole that requires him to live in a community corrections center. Counsel for Respondent has filed a response in opposition with verified exhibits. Davis has filed a reply.  Upon review of the pleadings, exhibits and applicable law, the court finds that a hearing is unnecessary.  *See* Local Rule 105.6 (D. Md. 2004).  The Petition will be denied.

**Background**

Derrick  Davis ("Davis") was an inmate at the Federal Correctional Institution at Cumberland, Maryland when he filed the Petition on March 27, 2007,  challenging the United States Parole Commission's ("Commission") decision to add a condition that he reside at a community corrections center for 120 days  as a condition of parole.  The Commission added the condition after determining that Davis was unable to provide a valid plan for release.  Additionally, Davis contends that: 1) the Commission's decision violates the separation of powers doctrine; 2) the Commission has been abolished; and 3) the Commission lacked authority to deny him street time credit for the time spent on parole as a result of his parole revocation.

**Procedural History**

Davis is a District of Columbia offender who is serving an aggregated prison term of 18 years based on two sentences imposed by the Superior Court of the District of Columbia. On June 27, 1985, he was sentenced to twelve years for distribution of cocaine. On May 2, 1991, he was sentenced to a consecutive six years for attempted possession with the intent to distribute PCP. Davis was paroled on May 13, 2005, with 3,365 days remaining on his aggregate sentence.

On December 5, 2005, the Commission issued a parole violator warrant for Davis. On August 25, 2006, Davis was arrested on the violator warrant. Davis appeared before a Commission hearing examiner for a probable cause hearing on August 29, 2006. The hearing examiner found probable cause for a parole violation. Davis waived a revocation hearing and accepted the revocation decision from the Commission in return for a reparole decision at the bottom of his guideline range. Davis agreed that he would forfeit all credit for time spent on parole ("street time") as a result of the revocation. Resp. Ex. 8  On September 21, 2006, the Commission revoked Davis's parole, denied him credit for time spent on parole, and set a parole date of April 24, 2007, which was at the bottom of the applicable guideline range. Resp. Ex. 9.

In a letter dated January 25, 2007, the Bureau of Prisons (BOP) notified the Commission that Davis had been unable to provide an adequate release plan and that he was homeless. BOP case management staff asked the Commission to add a special condition of parole to require Davis to reside in a community corrections center ("CCC") for up to 120 days after his release. The placement was requested to "allow him [Davis] additional time to transition back to the community." Resp. Ex. 10.  The Commission added the special condition on February 22, 2007.  Resp. Ex. 11.

On April 2, 2007, the Commission issued a parole certificate for Davis. Davis was reparoled on April 24, 2007.

**Analysis**

The gravamen of Davis's complaint is that the Parole Commission lacked authority to place him in a CCC as an additional condition of his parole. The Commission is statutorily authorized to execute parole release and revocation laws and regulations over District of Columbia felony offenders.[1] The District of Columbia Code grants authority to "grant and deny parole, and to imposed conditions upon an order of parole." D.C. Code § 131(a)(1). The Commission is vested with authority to amend and supplement parole regulations. *See* D.C. code §24-133(a)(1) and (c).

Commission regulations permit imposition of special parole conditions to protect the public and to provide adequate supervision of the parolee. These conditions may include requiring the parolee to temporarily live in a CCC during the release period. *See* 28 C.F.R. §2.85(b) (referencing 28 C.F.R. § 2.73). Before release on parole, a prisoner must present an appropriate release plan. *See* 28 C.F.R. § 2.83(d) ("if efforts to formulate an acceptable release plan to gain his release from confinement prove futile.... the Commission may deny parole if it finds that the release of the prisoner without a suitable plan would fail to meet the criteria set forth in §2.73."[2]

Based on the recommendation of BOP case mangers, the Commission determined that because Davis could not provide a suitable residence, residence at a CCC for a specified period was warranted. The Commission's decision was neither arbitrary nor capricious, but was reasonably based on Davis's homeless status and the Commission's charge to protect the public and provide adequate supervision of parolees.

---

[1] In the 1997 National Capital Revitalization and Self-Government Improvement Act, Congress transferred parole release and revocation functions over D.C. felony offenders from the former District of Columbia Board of Parole to the United States Parole Commission. See Pub. L. 105-33,111 Stat. 712, 745 (August 5, 1997), now codified at D.C. Code §§ 24-131- 133.

[2] 28 C.F.R. § 12.73 authorizes the Commission to release D.C. Code offenders on parole if inter alia, "[t]here is a reasonable probability that the prisoner will live and remain at liberty without violating the law; and... [i]n the opinion of the Commission, the prisoner 's release is not incompatible with the welfare of society."

Davis's claims that the Commission's decision violates the separation of powers doctrine, the Commission has been abolished, and the Commission lacked authority to deny him street time credit for the time spent on parole as a result of his parole revocation are also without merit. The Parole Commission is authorized through October 31, 2008.[3] As noted earlier, the Commission is empowered to to grant, deny or revoke a D.C. offender's parole, and to impose or modify conditions of parole. *See* D.C. Code §24-131(a). It is not authorized to imposed sentence upon criminal conviction. As such, the Commission does not exercise a judicial function. *See Geraghty v. United States Parole Commission,* 719 F.2d 1199, 1211-12 (3rd Cir. 1983); *Artez v. Mulcrone*, 673 F.2d 1169, 1170 (10th Cir. 1982) ("In granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determine whether the individual will serve the sentence insider or outside the prison wall."); *Page v. United States Parole Commission*, 651 F.2d 1083, 1085 (5th Cir. 1981); *Montgomery v. United States Parole Commission,* 2007 WL 1232190 (D.D.C. April 26, 2007). Further, Davis specifically agreed to forfeit his street time in return for an expedited revocation and a parole date at the bottom of the guideline range. Consequently, these claims provide no basis for habeas relief.

## Conclusion

For these reasons, the court finds there is no cause presented to award habeas relief. Accordingly, the court will deny the Petition by separate order.

  September 19, 2007       /s/    
Date     DEBORAH K. CHASANOW
    United States District Judge

---

[3] *See* Public Law No. 109-76, 119 Stat 2035.